UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Jordan, # 295887, | ) C/A No.: 2:11-2736-CMC-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Attorney General for South Carolina; Dept. Of Mental Health; The State, | ) |
| | ) |
| | ) |
| Respondent. | ) |

_____

Petitioner Charles Jordan, proceeding *pro se*, files this action pursuant to 28 U.S.C.

§ 2241. The Petitioner is currently being held in the South Carolina Department of Mental

Health ("SCDMH") under a civil commitment order pursuant to the Sexually Violent

Predator ("SVP") Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170, and files this action

*in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §

636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to

review such complaints for relief and submit findings and recommendations to the district

judge.

Petitioner was indicted in August 2003, for a lewd act or the attempt to commit a

lewd act upon a child under sixteen years of age. On August 25, 2003, the Petitioner pled

guilty to the charge before the Honorable Paul M. Burch. The State recommended that the

Petitioner be sentenced to twelve years, suspended to eight followed by five years

probation with special conditions of mental health and sex offender counseling. Judge

Burch accepted the recommendation and sentenced the Petitioner accordingly. The

Petitioner did not file a direct appeal.

On March 26, 2004, the Petitioner filed an application for post-conviction relief

("PCR") raising three grounds for relief. On November 15, 2004, a hearing was held before the Honorable B. Hicks Harwell. The Petitioner was represented by Henry Thad White, Jr.. On December 3, 2004, Judge Harwell denied the Petitioner's application for PCR. The Petitioner appealed this Order.

Acting Deputy Chief Attorney of the South Carolina Office of Appellate Defense Wanda H. Carter represented the Petitioner on his PCR appeal. Carter filed a petition to be relieved as counsel and a *Johnson* petition, raising one issue concerning whether trial counsel was ineffective in failing to explain fully the sentencing consequences in the case. On March 23, 2007, the South Carolina Court of Appeals granted the Petition to Relieve Counsel and denied the Petitioner's Petition for Writ of *Certiorari*.

On August 25, 2008, a civil jury heard the commitment issue with the Honorable John M. Milling presiding. The Petitioner was represented by John M. Ervin, III. The jury found the Petitioner to be a SVP and on August 26, 2008, Judge Milling signed a formal order of commitment.

In the current Petition, Petitioner claims that his attorney in the civil proceeding failed to file a notice of appeal in September 2008. He also claims his attorney provided "affirmative misadvice," alleges the court lacked subject matter jurisdiction, and maintains there was insufficient evidence to support the verdict. He seeks to be released from his civil commitment.

This is not the first time Petitioner has attacked his civil commitment in this Court. Petitioner previously filed a Petition for Writ of Habeas Corpus in January 2009. Summary Judgment was granted for the respondents, **with prejudice**. The assigned United States District Judge denied a Certificate of Appealability, and the Fourth Circuit Court of Appeals

dismissed Petitioner's appeal. *See Jordan v.McMaster, et al*, Civil Action No. 8:09-51-CMC; *Jordan v. McMaster*, 380 Fed. App'x 338 (4th Cir. 2010). A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice . . . is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, petitioner has properly filed this matter as one arising under 28 U.S.C. § 2241. Where the impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of the pre-trial detainee or involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241. *See, e.g., United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995)(pretrial detainee area); *Miller v. Blalock*, 356 F.2d 273 (4th Cir. 1966)(involuntary commitment for mental treatment). *See also Gaster v. South Carolina Dept. of Corrections*, 67 Fed. App. 821 at *1 n.* (4th Cir. 2003)(noting that "[a]though Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, [it was] properly characterized ... as a petition under 28 U.S.C. § 2241.").

A person seeking federal habeas corpus relief under § 2241 must still exhaust any state court remedies which might be available to him before bringing his petition in this court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his

claims before he presents those claims to a federal court in a habeas corpus petition.")
*Braden v. 30*[th] *Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973)(exhaustion also
required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and
federal governments and avoids unnecessary collisions between sovereign powers."

The South Carolina Violent Predator Act ("SVPA") found at S.C. Code §§ 44-48-10,
*et seq.*, provides that if the civilly committed individual does not prevail at the civil trial level,
the state of South Carolina provides appellate judicial review of findings made by the civil
trial judge under the Act. *See Care & Treatment of Beaver*, 642 S.E.2d 578 (S.C. 2007);
*White v. State*, 375 S.C. 1, 649 S.E.2d 172 (S.C.Ct.App.2007).

Petitioner has not alleged that he has exhausted state remedies available to him to
test the legality of his civil confinement before submitting his habeas petition to this court.
Even if Petitioner had exhausted his state remedies however, Petitioner's previous attack
on his civil commitment was dismissed *with prejudice. See Fox v. Drew*, No. 2:11-94-HFF-
RSC, 2011 WL 1575459 (D.S.C. Apr. 26, 2011) (adopting Report and Recommendation
recommending summary dismissal because, *inter alia*, the court had already adjudicated
the issues raised by the current § 2241 petition). Accordingly, this matter is subject to
summary dismissal.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the
above-captioned case *without prejudice* and without issuance and service of process.

s/Bruce H. Hendricks
November 2, 2011                                   United States Magistrate Judge
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).